# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CCBCC, INC.,**
**Employer Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 23-ICA-256**        (JCN: 2020024017)

**ERICK S. BOLES,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner CCBCC, Inc. ("CCBCC") appeals the May 16, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Erick S. Boles filed a timely response.[1] CCBCC did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Boles a 3% permanent partial disability ("PPD") award, and instead granting him an additional 5% PPD award, for a total of an 8% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' written and oral arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the Board's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

On April 10, 2020, while employed by CCBCC, Mr. Boles sustained a cervical spine injury when he was lifting a case of beverages. The claim was initially rejected by the claim administrator; however, on April 20, 2021, the Office of Judges ("OOJ") ruled that the claim should be held compensable for a cervical sprain.

Prasadarao Mukkamala, M.D., issued a report on January 6, 2022, regarding his evaluation of Mr. Boles. Dr. Mukkamala opined that Mr. Boles was at maximum medical improvement ("MMI") for his compensable injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*") and West Virginia Code of State Rules § 85-20 ("Rule 20"), Dr. Mukkamala found that Mr. Boles had 7% whole person impairment ("WPI") related to the cervical spine. Dr. Mukkamala opined that apportionment was appropriate after noting CT evidence

---

[1] CCBCC is represented by James W. Heslep, Esq. Mr. Boles is represented by Patrick K. Maroney, Esq.

of degenerative changes in the cervical spine. Dr. Mukkamala apportioned 4% of the cervical spine impairment to preexisting degenerative changes and opined that 3% WPI was related to the compensable injury. On February 3, 2022, the claim administrator issued an order granting Mr. Boles a 3% PPD award, based on the report of Dr. Mukkamala. Mr. Boles protested this order.

On March 31, 2022, Bruce Guberman, M.D., issued a report detailing his evaluation of Mr. Boles. Dr. Guberman opined that Mr. Boles was at MMI for his compensable injury. Using the *Guides* and Rule 20, Dr. Guberman found that Mr. Boles had 8% WPI related to the cervical spine. Dr. Guberman noted the radiographic evidence of preexisting degenerative disc disease in Mr. Boles' cervical spine. However, Dr. Guberman determined that there was no reasonable basis to apportion for the preexisting degenerative disc disease because there was no evidence of Mr. Boles experiencing any symptoms or receiving treatment for the preexisting condition and no evidence that the preexisting condition affected his activities of the daily living or ability to work prior to his compensable injury. Thus, Dr. Guberman found that the entire 8% WPI was associated with the compensable injury.

Mr. Boles was evaluated by David Soulsby, M.D., detailed by a February 7, 2023, report. Using the *Guides* and Rule 20, Dr. Soulsby opined that Mr. Boles had 8% WPI related to the cervical spine. In his report, Dr. Soulsby noted the range of motion ratings documented by Drs. Mukkamala and Guberman. Finding that Mr. Boles' cervical range of motion had severely worsened between his examinations, Dr. Soulsby concluded that most of Mr. Boles' impairment was attributable to preexisting conditions. Dr. Soulsby apportioned 6% of the cervical spine impairment to preexisting degenerative disc disease. After apportionment, Dr. Soulsby found that Mr. Boles had 2% WPI related to the compensable injury.

On May 16, 2023, the Board issued an order reversing the claim administrator's order, which granted Mr. Boles a 3% PPD award, and instead granted Mr. Boles an additional 5% PPD award, for a total of an 8% PPD award. The Board found that Mr. Boles had established that he was entitled to an 8% PPD award based on the report of Dr. Guberman. CCBCC now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, CCBCC argues that all three physicians who evaluated Mr. Boles agreed that he suffered from preexisting degenerative disc disease. CCBCC further argues that based on the evaluations of all three physicians, apportionment was necessary.

In *Duff*, this Court found that:

> The Supreme Court of Appeals of West Virginia has previously recognized that radiographic evidence of degenerative changes alone is not sufficient to allow apportionment for preexisting injury. There must be something more, some evidence of a detrimental effect on work or the activities of daily living. Where such evidence of impairment is lacking, the Court has found that apportionment was not appropriate.

*Duff*, 247 W. Va. at 558, 882 S.E.2d at 924.

Below, the Board found that Dr. Guberman's report was the most reliable because he did not apportion for Mr. Boles' asymptomatic preexisting degenerative disc disease. In doing so, the Board, applying *Duff*, disregarded the reports of Drs. Mukkamala and Soulsby as unreliable: "As both Dr. Mukkamala and Dr. Soulsby apportioned impairment for the claimant's degenerative disease, their reports are not reliable."

We conclude that the Board erred by disregarding Dr. Soulsby's report solely because it recommended apportionment. As we noted in *Duff*:

> There are many kinds of information which may be considered by examining physicians in determining whether apportionment is proper . . . .

> Although generally not sufficient in itself to establish the existence of preexisting impairments, diagnostic imaging . . . may be valuable . . . [and] range of motion studies, when available, can also be very useful . . . .

3

Examining physicians must examine all of the relevant information available to them and clearly identify in their reports what they have examined and considered and how they have arrived at their conclusions regarding apportionment.

*Duff*, 247 W. Va. at 560–61, 882 S.E.2d at 926–27.

Here, Dr. Soulsby's report did not rely on radiographic evidence alone; critically, his apportionment recommendation was also based upon the observed worsening of Mr. Boles' cervical range of motion—evidence *Duff* acknowledges as valuable in assessing apportionment. Therefore, we conclude that *Duff* does not categorically bar Dr. Soulsby's report from consideration. However, because Dr. Soulsby's report was never assessed on the merits, remand to the Board is necessary.

Accordingly, we vacate the Board's May 16, 2023, order and remand this matter for the Board to consider the persuasiveness of Dr. Soulsby's report in light of this decision.

Vacated and Remanded.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge Joseph Reeder, sitting by temporary assignment

Chief Judge Thomas E. Scarr, not participating

4